UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMER BISHAY,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ICON AIRCRAFT, INC.,<br><br>　　　　　Defendant. | No.  2:19-cv-00178-KJM-AC<br><br><br>ORDER |

Defendant Icon Aircraft, Inc. ("ICON") moves to dismiss plaintiff Samer Bishay's ("Bishay") Second Amended Complaint ("SAC").  Mot., ECF No. 29.  Plaintiff opposes.  Opp'n, ECF No. 32.  Defendant replied.  Reply, ECF No. 33.  Having read and considered the moving papers, the court GRANTS defendant's motion.

I. BACKGROUND

This case concerns a dispute over a transaction between plaintiff and defendant for the purchase of an airplane.  This is the third motion to dismiss in the case. The court reviewed the factual background in detail in its order on the first motion to dismiss and incorporates that summary by reference here.  *See generally* Order on First Mot. to Dismiss, ECF No. 18.

The court's order on the second motion to dismiss addressed a clause, which the court refers to here as the "limitation on liability" or "limitation of liability" clause, in the operative deposit agreement between Bishay and ICON that reads:

1

> NOTWITHSTANDING ANYTHING TO THE CONTRARY, THE MAXIMUM LIABILITY ICON SHALL HAVE TO BUYER FOR ANY BREACH OF THE DEPOSIT AGREEMENT OR OTHERWISE ARISING OUT OF OR RELATING TO THIS DEPOSIT AGREEMENT OR OTHERWISE ARISING OUT OF OR RELATING TO THIS DEPOSIT AGREEMENT SHALL BE A FULL REFUND OF THE DEPOSIT MADE BY BUYER.  IN NO EVENT SHALL ICON BE LIABLE FOR CONSEQUENTIAL, INDIRECT, PUNITIVE, INCIDENTAL, OR SPECIAL DAMAGES WHATSOVER ARISING OUT OF OR RELATING TO THIS DEPOSIT AGREEMENT.

Icon A5 Limited Edition Aircraft Deposit Agreement ("Deposit Agreement") § 7, SAC Ex. B, ECF No. 28-1.

The First Amended Complaint ("FAC") pled and the opposition to the second motion to dismiss argued the clause was either invalid or unenforceable because it was unconscionable or against public policy. *See* FAC ¶ 43, ECF No. 19; Opp'n to Second Mot. to Dismiss, ECF No. 22, at 3.  In its order on that motion, the court found the First Amended Complaint did not plausibly allege facts showing the limitation on liability was unconscionable or against public policy, and dismissed the contract claim with leave to amend.  Order on Second Mot. to Dismiss, ECF No. 27, at 4–5.  The court also dismissed plaintiff's California Consumer Legal Remedies Act and Unfair Competition Law claims.  *Id.* at 6–10.

The Second Amended Complaint does away with any reference to the limitation on liability clause as unconscionable or against public policy.  Rather, plaintiff now pleads a single breach of contract claim seeking specific performance as the remedy.  *See generally* SAC. ICON moved to dismiss on the grounds that the limitation on liability clause bars the award of specific performance. The Second Amended Complaint pleads, and the opposition to the motion argues, the clause does not, in fact, bar the award of specific performance.

II.   LEGAL STANDARD

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a party may move to dismiss a complaint for "failure to state a claim upon which relief can be granted."  A court may dismiss "based on the lack of cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

1      Although a complaint need contain only "a short and plain statement of the claim
2 showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), in order to survive a motion
3 to dismiss this short and plain statement "must contain sufficient factual matter . . . to 'state a claim
4 to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell
5 Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A complaint must include something more than
6 "an unadorned, the-defendant-unlawfully-harmed-me accusation" or "'labels and conclusions' or
7 'a formulaic recitation of the elements of a cause of action.'" *Id.* (quoting *Twombly*, 550 U.S. at
8 555). Determining whether a complaint will survive a motion to dismiss for failure to state a claim
9 is a "context-specific task that requires the reviewing court to draw on its judicial experience and
10 common sense." *Id.* at 679.  Ultimately, the inquiry focuses on the interplay between the factual
11 allegations of the complaint and the dispositive issues of law in the action. *See Hishon v. King &
12 Spalding*, 467 U.S. 69, 73 (1984).

13      In making this context-specific evaluation, this court must construe the complaint
14 in the light most favorable to the plaintiff and accept as true the factual allegations of the
15 complaint. *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007).  This rule does not apply to "'a legal
16 conclusion couched as a factual allegation,'" *Papasan v. Allain*, 478 U.S. 265, 286 (1986) *quoted
17 in Twombly*, 550 U.S. at 555, nor to "allegations that contradict matters properly subject to
18 judicial notice" or to material attached to or incorporated by reference into the complaint.
19 *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988-89 (9th Cir. 2001).

20    III.    DISCUSSION

21      In the Second Amended Complaint, plaintiff asserts that "[u]nder California law,
22 the 'Limitation of Liability' clause in the subject contract does not preclude an action for specific
23 performance." SAC ¶ 1. Plaintiff argues construing the limitation on liability clause in the
24 contract to bar specific performance would effectively cause the contract to impose no obligation
25 on ICON, such that, if ICON elected to breach, its only obligation would be to unwind the
26 contract and repay the deposit without interest. Opp'n at 1. Plaintiff argues a construction
27 barring specific performance would render the agreement an illusory promise causing a failure of
28 consideration. Thus, because a contract susceptible of both an enforceable and unenforceable

3

1 construction should be construed to be enforceable, plaintiff urges the court to find the clause
2 does not bar specific performance as a remedy.  Plaintiff cites *Beaver v. Tarsadia Hotels*, 978 F.
3 Supp. 2d 1124 (S.D. Cal. 2013) and *Bleecher v. Conte*, 29 Cal. 3d 345 (1981) for this argument.
4 SAC ¶ 1; Opp'n at 1–3.  As discussed below, while this argument may have some merit,
5 plaintiff's development of it using these cases is insufficient to defeat the motion.

        1. <u>Would Reading Limitation on Liability Clause to Bar Specific Performance Render Agreement Illusory?</u>

        In *Beaver*, buyers of condominiums sued the sellers for violations of disclosure requirements of the Interstate Land Sales Act ("ILSA").  *Beaver,* 978 F.Supp. 2d at 1132.  The sellers argued they were exempt from ILSA under the Improved Lot Exemption, which exempted sales of improved land passing under a contract obligating the sellers to build within two years from the disclosure requirements.  *Id.* at 1139.  The buyers argued the contract at issue lacked a realistic obligation for sellers to build and the exemption did not apply because it granted sellers several unilateral rights to cancel "without liability" if they failed to build the condominiums and obtain certificates of occupancy in a specified time.  *Id.* at 1140–41.

        Despite the sellers' unilateral right to cancel if they had not built the condominiums, the court found their contract imposed an obligation to build, i.e., was not illusory, because they were expressly obligated "to use commercially reasonable efforts" to complete the condominiums and obtain certificates of occupancy by the contract, and impliedly obligated by the duty of good faith and fair dealing.  *Id.* at 1142–43.  The *Beaver* court cited *Bleecher*, 29 Cal. 3d at 350, for the proposition that the implied duty of good faith and fair dealing would obligate the seller to act with diligence to consummate the contract.  *Id.* at 1142.

        In *Bleecher*, the seller of real property attempted to avoid a contract for the sale of real property. 29 Cal. 3d at 349.  The seller argued that because the contract allowed the buyers to decline to follow through on their obligations to prepare a tract map and obtain city approval for development, renege on the agreement, and get back their escrow deposit, the buyers had made an illusory promise.  *Id.*   The California Supreme Court rejected this argument, finding the

4

buyers would be obligated under both the implied duty of good faith and an express recitation of the same in the contract to perform. *Id.* at 351. In so holding, the state Court distinguished cases in which a party's performance was due only in that party's unfettered discretion by the express terms of the contract. *Id.* at 351–52 (distinguishing *Sturgis v. Galindo*, 59 Cal. 28 (1881), *Dabney v. Key*, 57 Cal. App. 762 (1922), and *Cty. of Alameda v. Ross*, 32 Cal. App. 2d 135 (1939)).

The instant case is akin to both *Beaver* and *Bleecher*, but not in the way plaintiff suggests. In this case, in the deposit agreement, there is no right for ICON to cancel the contract, except on the condition of plaintiff's nonperformance, which is not at issue here. There is no indication of a right to cancel at ICON's discretion; just as in *Beaver* and *Bleecher*, the implied covenant of good faith and fair dealing acts to impose an obligation even if the consequences of its breach are minimal for ICON. *See Brown v. Superior Court*, 34 Cal. 2d 559, 564 (1949) ("In every contract there is an implied covenant of good faith and fair dealing that neither party will do anything which injures the right of the other to receive the benefits of the agreement."). Plaintiff argues a limitation on liability to the return of his deposit makes the agreement illusory in practical effect. But it is not for the court to find such an exchange of promises is illusory and unenforceable simply because it now seems unfair. As noted in prior orders, plaintiff has not alleged facts showing unfairness rising to the level of unconscionability.

        2.    <u>Does Limitation on Liability Clause Bar Specific Performance?</u>

Setting aside whether the court is compelled to accept his interpretation because the alternative is an unenforceable construction, plaintiff argues the limitation on liability clause does not bar specific performance, again relying on *Beaver*.

The *Beaver* court held the phrase allowing the sellers to cancel "without liability" did not bar specific performance, therefore imposing an obligation to build for ILSA purposes. 978 F. Supp. 2d at 1143–44. "'When a contract describes a remedy for breach without an express or implied limitation making that remedy exclusive, the injured party may seek any other remedy provided by law.'" *Id.* at 1144 (quoting *McDonald v. Stockton Met. Transit Dist.*, 36 Cal. App. 3d 436, 442 (1973)). Where a contract "expressly provides a remedy for a breach thereof, the language used in the contract must clearly indicate an intent to make the remedy exclusive." *Id.*

5

at 1143 (quoting *Nelson v. Spence*, 182 Cal. App. 2d 493, 497 (1960)).  The *Beaver* court also relied on the California statutes specifically authorizing specific performance of contracts for real property, Cal. Civ. Code § 3384, and the presumption of inadequacy of money damages for breach of contracts for real property, Cal. Civ. Code § 3387, respectively.  *Id.* at 1144.

Here, the statutory provisions embodying California's policy preference for specific performance in real property contracts do not apply.  Furthermore, the limitation clause here is substantially more restrictive and specific than the phrase "without liability" at issue in *Beaver*: the "maximum liability Icon shall have to buyer for any breach of this deposit agreement or otherwise arising out of or relating to this deposit agreement shall be a full refund of the deposit made by buyer." SAC, Ex. B § 7.  Plaintiff contends the express disclaimer of various forms of money damages, namely "consequential, indirect, punitive, incidental or special damages," *id.,* is exhaustive rather than illustrative; in other words, he says, the listing of types of money damages evidences an intent to limit only money damages rather than other forms of equitable relief.  Opp'n at 2.  Defendant contends "[t]he limitation of liability provision unequivocally provides that the return of the deposit is the sole and exclusive remedy available to Plaintiff." Reply at 3.

The court is not persuaded by defendant's contention that the provision "unequivocally" requires only the return of plaintiff's deposit.  Under California law, the interpretation of an unambiguous contract is ordinarily a question of law for the court.  *Brown v. Goldstein*, 34 Cal. App. 5th 418, 432 (2019) (citing *Wolf v. Walt Disney Pictures & Television*, 162 Cal. App. 4th 1107, 1125–26 (2008) (*Wolf II*)) (determination of objective intent determined by four corners of unambiguous contract as matter of law).  However, the parties' different characterizations of the clause expose an ambiguity not susceptible to resolution without the consideration of further facts.  The contract is not sufficiently clear to determine the clause bars specific performance as a matter of law.

Here, the limitation on liability clause does not expressly disclaim all remedies save return of the deposit, or use the term "sole remedy."  Instead, it speaks of liability in terms of a quantity: setting a cap on the "maximum" liability.  Furthermore, the enumeration exclusively

6

of types of money damages does raise a question of whether specific performance would be excluded; "[u]nder the principle of *ejusdem generis*, where specific words follow general words in a contract, the general words are construed to embrace only things similar in nature to those enumerated by the specific words." *Nygard, Inc. v. Uusi-Kerttula*, 159 Cal. App. 4th 1027, 1045 (2008) (citation, internal quotation marks omitted). Here, the list included in the contract recites only types of money damages and does not identify any form of equitable relief.

Because the contract is ambiguous, determining whether it was intended to foreclose equitable relief requires consideration of more facts. Under California law, the court must first provisionally receive extrinsic evidence to determine whether the language of the contract is "reasonably susceptible" to the interpretation urged by a party. *Wolf v. Sup. Ct.*, 114 Cal. App. 4th 1343, 1351 (2004) (*Wolf I*). Second, if the court determines the contract is "reasonably susceptible" to the interpretation urged by a party, the court admits the extrinsic evidence to interpret the contract. *Id.* "[W]hen two equally plausible interpretations of the language of a contract may be made . . . parol evidence is admissible to aid in interpreting the agreement." *Id.* When a written contract is ambiguous, its meaning becomes a question of fact, requiring a determination of intent from relevant extrinsic evidence in addition to the meaning of the words used. *CITGO Asphalt Refining Co. v. Frescati Shipping Co., Ltd.*, 140 S. Ct. 1081, 1088 (2020) (citing 11 R. Lord, Williston on Contracts § 30:6, p. 108 (4th ed. 2012)).

Given that plaintiff's interpretation may well be reasonable under the circumstances, the question in the context of Federal Rule of Civil Procedure 12(b)(6) then becomes: Has plaintiff pled facts that, in the light most favorable to the plaintiff, plausibly support his proposed reading of the limitation on liability clause? Here, the answer is no. The court finds plaintiff's proposed reading, in which the limitation on liability clause caps only money damages, is not unreasonable given the text and an applicable canon of construction, that of *ejusdem generis*. However, the face of the complaint pleads no factual allegations whatsoever to indicate this proposed reading was intended by the contracting parties. To state a claim, plaintiff would have to make some factual allegation outside the four corners of the contract that, if true, would show the contracting parties intended to limit only monetary remedies.

7

1    Plaintiff has been on notice that a failure to amend adequately may mean the end
of his case.  However, the court notes, as it has before, the strong preference to dismiss with leave
to amend in the federal courts.  *See Perez v. Mortgage Elec. Registration Sys., Inc.*, 959 F.3d 334,
(9th Cir. 2020) ("If a complaint does not state a plausible claim for relief, a district court should
grant leave to amend . . . unless it determines that the pleading could not possibly be cured by the
allegation of other facts." (citation and internal quotation marks omitted)).  While the court is
concerned plaintiff's shifting legal theory signals a lack of supporting facts, it will grant leave to
amend because at this point it is not "beyond doubt that amendment of the complaint would be
futile."  *Ctr. for Biological Diversity v. Veneman*, 394 F.3d 1108, 1114 (9th Cir. 2005).  The court
grants leave to amend solely to allege facts showing a basis for plaintiff's proposed reading of the
contract, as discussed above.  The court cautions it will construe any further failure to plausibly
allege a factual basis for relief to indicate no such facts exist.

    IV.    CONCLUSION

The motion to dismiss is GRANTED.  Plaintiff may file an amended complaint within 21 days of this order.

This order resolves ECF No. 29.

IT IS SO ORDERED.

DATED: September 11, 2020.

                                                CHIEF UNITED STATES DISTRICT JUDGE