1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   Samer Bishay,                              No. 2:19-cv-00178-KJM-AC

12                      Plaintiff,              ORDER

13          v.

14   Icon Aircraft, Inc.,

15                      Defendant.

16

17          Plaintiff Samer Bishay seeks specific performance of a contract he entered into with

18   defendant Icon Aircraft, Inc., to purchase a limited-edition aircraft.  Defendant moves to dismiss

19   plaintiff's third amended complaint.  Having considered the parties' positions, relevant legal

20   authority, and the pleadings in this case, the court **grants** defendant's motion with prejudice.

21   **I.       BACKGROUND**

22          This contract dispute arises in diversity and concerns plaintiff's planned purchase of a

23   specialty aircraft from defendant.  The court reviewed the factual background in detail in a

24   previous order, *see* First Mot. Dismiss Order, ECF No. 18, so the court only summarizes the

25   relevant details here.

26          In 2011, the parties agreed to a "fixed" price of $135,000.  *See* Third Am. Compl.

27   ("TAC") ¶¶ 13, 15, ECF No. 37.  Plaintiff paid a $100,000 deposit to defendant.  *Id.* ¶ 15.  In

28   2015, the parties executed an amended agreement that identified the price as $220,000.  *Id.* ¶ 21.

1

1   When defendant once again raised its price for the specialty aircraft, this time to $352,000,

2   plaintiff brought this lawsuit, originally alleging violation of the California Consumer Legal

3   Remedies Act ("CLRA"), unfair business practices under California Business & Professions

4   Code section 17200 ("UCL"), and breach of contract.  *See* Compl. ¶¶ 32−53, ECF No. 1.  The

5   court dismissed plaintiff's CLRA and UCL claims.  *See* Second Mot. Dismiss Order at 4–5, ECF

6   No. 27.  Thus, plaintiff's only remaining claim is his breach of contract claim, for which he seeks

7   specific performance.  *See generally* TAC.

8        At the heart of plaintiff's breach of contract claim is a limitation of liability clause, which

9   provides:

10       NOTWITHSTANDING ANYTHING TO THE CONTRARY, THE MAXIMUM
11       LIABILITY ICON SHALL HAVE TO BUYER FOR ANY BREACH OF THE
12       DEPOSIT AGREEMENT OR OTHERWISE ARISING OUT OF OR RELATING
13       TO THIS DEPOSIT AGREEMENT SHALL BE A FULL REFUND OF THE
14       DEPOSIT MADE BY BUYER. IN NO EVENT SHALL ICON BE LIABLE FOR
15       CONSEQUENTIAL, INDIRECT, PUNITIVE, INCIDENTAL, OR SPECIAL
16       DAMAGES WHATSOEVER ARISING OUT OF OR RELATING TO THIS
17       DEPOSIT AGREEMENT.

18  Icon A5 Limited Edition Aircraft Deposit Agreement ("Deposit Agreement") § 7, TAC Ex. B,

19  ECF No. 37-1.

20       The parties dispute the meaning of this clause.  Defendant argues it means the exclusive

21  remedy available in the case of defendant's breach is the return of plaintiff's deposit.  *See* Fourth

22  Mot. Dismiss at 6, ECF No. 38-1.  Plaintiff argues such an interpretation would mean defendant

23  tendered no consideration; thus he says the limitation of liability clause quoted above must be

24  interpreted to allow specific performance.  *See* Opp'n Fourth Mot. Dismiss at 2, ECF No. 39.

25       In its most recent order granting defendant's third motion to dismiss, the court noted

26  plaintiff's interpretation is reasonable based on the text of the limitation of liability clause, but

27  unsupported by factual allegations.  *See* Third Mot. Dismiss Order at 8, ECF No. 34.  The court

28  therefore granted plaintiff leave to amend his complaint "solely to allege facts showing a basis for

29  plaintiff's proposed reading of the contract . . . ."  *Id.*  Plaintiff then filed the third amended

30  complaint, which defendant now moves to dismiss.  *See generally* Fourth Mot. Dismiss.  Plaintiff

1    opposes.  *See generally* Opp'n Fourth Mot. Dismiss.  Defendant replied.  *See generally* Reply

2    Fourth Mot. Dismiss, ECF No. 41.  The court submitted the matter without oral argument and

3    resolves it here.

4    **II.   LEGAL STANDARD**

5          A party may move to dismiss for "failure to state a claim upon which relief can be

6    granted."  Fed. R. Civ. P. 12(b)(6).  The motion may be granted if the complaint lacks a

7    "cognizable legal theory" or if its factual allegations do not support a cognizable legal theory.

8    *Godecke v. Kinetic Concepts, Inc.*, 937 F.3d 1201, 1208 (9th Cir. 2019) (quoting *Balistreri v.*

9    *Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988)).

10         Although a complaint need contain only "a short and plain statement of the claim showing

11   that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), in order to survive a motion to

12   dismiss this short and plain statement "must contain sufficient factual matter . . . to 'state a claim

13   to relief that is plausible on its face,'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell*

14   *Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  In the same vein, conclusory or formulaic

15   recitations of elements do not alone suffice.  *Id.* (citing *Twombly*, 550 U.S. at 555).  This

16   evaluation of plausibility is a context-specific task drawing on "judicial experience and common

17   sense."  *Id.* at 679.  Ultimately, the inquiry focuses on the interplay between the factual

18   allegations of the complaint and the dispositive issues of law in the action.  *See Hishon v. King &*

19   *Spalding*, 467 U.S. 69, 73 (1984).

20         In making this context-specific evaluation, the court assumes all factual allegations are

21   true and construes "them in the light most favorable to the nonmoving party."  *Steinle v. City &*

22   *Cnty. of San Francisco*, 919 F.3d 1154, 1160 (9th Cir. 2019) (quoting *Parks Sch. of Bus., Inc. v.*

23   *Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995)).  If the complaint's allegations do not "plausibly

24   give rise to an entitlement to relief," the motion must be granted.  *Iqbal*, 556 U.S. at 679.

25   **III.   DISCUSSION**

26         In its previous order, this court found the limitation on liability clause ambiguous.  *See*

27   Third Mot. Dismiss Order at 6–7.  In rejecting defendant's contention that the clause

28   "unequivocally provides that the return of the deposit is the sole and exclusive remedy available

1  to Plaintiff," Reply Third Mot. Dismiss at 4, ECF No. 33, the court noted the following

2  considerations create ambiguity:

> [T]he limitation on liability clause does not expressly disclaim all remedies save
> return of the deposit, or use the term "sole remedy."  Instead, it speaks of liability in
> terms of a quantity: setting a cap on the "maximum" liability.  Furthermore, the
> enumeration exclusively of types of money damages does raise a question of
> whether specific performance would be excluded; "[u]nder the principle of *ejusdem*
> *generis*, where specific words follow general words in a contract, the general words
> are construed to embrace only things similar in nature to those enumerated by the
> specific words." *Nygard, Inc. v. Uusi-Kerttula*, 159 Cal. App. 4th 1027, 1045 (2008)
> (citation, internal quotation marks omitted).  Here, the list included in the contract
> recites only types of money damages and does not identify any form of equitable
> relief.

14  Third Mot. Dismiss Order at 6–7.  The court determined that "[b]ecause the contract is

15  ambiguous, determining whether it was intended to foreclose equitable relief requires

16  consideration of more facts.  Under California law, the court must first provisionally receive

17  extrinsic evidence to determine whether the language of the contract is 'reasonably susceptible' to

18  the interpretation urged by a party." *Id.* at 7 (citing *Wolf v. Sup. Ct.*, 114 Cal. App. 4th 1343,

19  1351 (2004).  Thus, the court granted "leave to amend solely to allege facts showing" that the

20  parties did not intend to bar specific performance. *Id.* at 7–8.

21      Plaintiff's third amended complaint does not allege facts that make this showing.

22  Plaintiff's new allegations fall into two categories.  First, plaintiff emphasizes the unique nature

23  of the ICON aircraft.  *See, e.g.*, TAC ¶ 9 (noting aircraft would "redefine recreational aviation"

24  and be "the first of its kind"); *id.* ¶ 30 (asserting plane with low serial number has unique value,

25  "similar to having one of the first 100 Ferraris ever manufactured").  Second, plaintiff emphasizes

26  the parties' lack of communication regarding remedies in the event of a breach.  *See, e.g.*, *id.* ¶ 35

27  ("ICON never discussed the issue of damages or specific performance at all with Plaintiff at the

28  time the First Agreement and the Second Agreement were executed."); *id.* ¶ 36 ("ICON never

29  stated or requested that Plaintiff agree that ICON could have the unilateral right to further modify

1  the purchase price of the aircraft at its sole discretion, and simply return Plaintiff's deposit if he

2  did not agree to an increased price.").  These additions do not plausibly allege that the parties

3  lacked the intent to bar specific performance.  Nor does plaintiff's conclusory assertion that

4  "[b]oth sides agreed that, as long as it was possible to do so, ICON would specifically perform on

5  [the] contract."  *Id.* ¶ 31; *see Iqbal*, 556 U.S. at 681.  In sum, plaintiff's third amended complaint

6  does not identify the extrinsic evidence of the sort contemplated by the court's grant of leave to

7  amend.

8       At the same time, having reviewed the amended complaint and briefing on defendant's

9  third motion to dismiss, and upon reflection, the court notes that "[r]esolution of contractual

10  claims on a motion to dismiss is proper if the terms of the contract are unambiguous."  *Bedrosian*

11  *v. Tenet Healthcare Corp.*, 208 F.3d 220 (9th Cir. 2000) (unpublished).  But "[a] motion to

12  dismiss cannot be granted against a complaint to enforce an ambiguous contract."  *Westlands*

13  *Water Dist. v. U.S. Dep't of Interior*, 850 F. Supp. 1388, 1408 (E.D. Cal. 1994) (citing *Consul*

14  *Ltd. v. Solide Enters., Inc.,* 802 F.2d 1143, 1149 (9th Cir. 1986)).  Because plaintiff has plausibly

15  alleged that the limitation of liability clause does not preclude specific performance, thus making

16  the provision at issue ambiguous, the motion to dismiss cannot be granted on this ground.

17       Having clarified the impact of the ambiguous limitation of liability clause on plaintiff's

18  claim, the court considers from this vantage point whether the allegations in plaintiff's operative

19  complaint plausibly give rise to his entitlement to specific performance.  "To obtain specific

20  performance after a breach of contract, a plaintiff must generally show: (1) The inadequacy of his

21  legal remedy; (2) an underlying contract that is both reasonable and supported by adequate

22  consideration; (3) the existence of a mutuality of remedies; (4) contractual terms which are

23  sufficiently definite to enable the court to know what it is to enforce; and (5) a substantial

24  similarity of the requested performance to that promised in the contract."  *Real Estate Analytics,*

1   *LLC v. Vallas*, 160 Cal. App. 4th 463, 472 (2008); *see also* Cal. Civ. Code §§ 3384, 3386, 3390–

2   91.  Despite being given the opportunity, plaintiff has not plausibly pled all required elements.

3   First, the contractual terms are insufficiently definite.  *See* Operative Deposit Agreement § 4(a),

4   TAC Ex. C, ECF No. 37-1 ("[A]ny specifications referred to [in the preliminary aircraft

5   specifications], ICON's website or otherwise in any materials or information provided by ICON

6   (other than in the Aircraft Purchase Agreement itself) are preliminary only and may be changed at

7   any time.").  Furthermore, plaintiff requests that the court order delivery of an aircraft, which is

8   not substantially similar to what was promised in the contract: what was promised was delivery of

9   an Aircraft Purchase Agreement.  *See id.* § 3(a) ("No less than six (6) months prior to the

10  expected Delivery Date, ICON will . . . [send] an aircraft purchase agreement *to govern the*

11  *purchase of the Aircraft*.") (emphasis added).  In sum, while plaintiff's third amended complaint

12  alleges breach of contract, interpreting it in the light most favorable to plaintiff, the complaint

13  lacks factual allegations plausibly demonstrating he is entitled to specific performance.

14      Global's motion to dismiss is **granted**.  Because dismissal is based on the court's reading

15  of the contract, the motion is granted without leave to amend because any further opportunity to

16  amend would be futile.  *See* Fed. R. Civ. P. 15(a); *Owens v. Kaiser Found. Health Plan, Inc.*, 244

17  F.3d 708, 712 (9th Cir. 2001).

18  **IV.    CONCLUSION**

19      Defendant's motion to dismiss is **granted**.  The Clerk of Court is directed to enter

20  judgment for Icon Aircraft, Inc. and close the case.

21      This order resolves ECF No. 38.

22      IT IS SO ORDERED.

23  DATED:  February 7, 2022.

24

_____
CHIEF UNITED STATES DISTRICT JUDGE